IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:01cr341 |
| | : | 3:05cv154 |
| v. | : | (Judge Munley) |
| | : | |
| **LANCE TRIMBLE,** | : | |
| **Defendant** | : | |

## MEMORANDUM and ORDER

Before the court for disposition is the defendant's motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

**Background**

The court sentenced the Defendant Lance Trimble on October 30, 2002 to forty-eight (48) months in prison after he pled guilty to a charge of money laundering in violation of 18 U.S.C. § 1956. (Defendant's Motion at pg. 1). He did not appeal the sentence or conviction. (Id.) On January 24, 2005, defendant filed the instant *pro se* motion asserting that his sentence should be vacated or corrected pursuant to the United States Supreme Court's opinion in United States v. Booker, - - U.S. - - ; 125 S.Ct. 738 (2005).

The court issued a Notice of Election to the defendant on January 25, 2005. The court explained to the defendant that under United States v. Miller, 197 F.3d 644 (3d Cir. 1999) he could have his motion ruled upon as filed or withdraw the motion and file one all-inclusive motion within the one-year statute of limitations. (Doc. 48). On February 22, 2005, defendant returned the Notice of Election indicating that he

sought to have the motion ruled upon as filed. (Doc. 49). We ordered the government to respond to the motion. The government responded on March 17, 2005 bringing the case to its present posture.

**Discussion**

We find that the defendant's motion is barred by the statute of limitations. A defendant is provided one year in which to file a section 2255 motion. "[T]he limitation period shall run from the latest of: "(1) the date on which the judgment of conviction becomes final ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 para. 6.

Defendant is challenging his sentence based upon a new Supreme Court opinion, United States v. Booker, supra. The Third Circuit Court of Appeals, however, has held that Booker does not apply retroactively to cases where the judgment of conviction was final as of January 12, 2005, the date the Supreme Court issued Booker. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005).

As the defendant did not appeal his sentence, his conviction became final ten (10) days after entry of the judgment on the district court's docket. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). A review of the docket in the instant case indicates that the judgment was entered on November 5, 2002. (Doc. 43). Accordingly, the conviction became final on or about November 18, 2002. As defendant's judgment of conviction became final before January 12, 2005, Booker is inapplicable to his sentence and does not extend the section 2255 statute of limitations.

As Booker is inapplicable and does not extend the statute of limitations for the defendant, he had one year from the date his conviction became final in November 2002 to file a section 2255 motion. The instant motion, having been filed on January 24, 2005, is thus untimely and will be denied.

**AND NOW**, to wit, this ___30th___ day of June 2005, the defendant's motion to vacate, set aside or correct sentence (Doc. 46) is hereby **DENIED**. Based upon our reasoning in this memorandum and order, we decline to issue a certificate of appealability. The Clerk of Court is directed to close case number 3:05cv154.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court